Jackie R. Cantrell, the divorced husband of Donna Cantrell,[1] is appealing from the decision of the trial court overruling his motion for an order requesting a reduction in his spousal support.
The parties ended their 37-year marriage by divorce decree finalized on November 11, 1995. The court in that decree approved the recommendations of its magistrate, entered on March 16, 1995, to, among other things, award one-half of the amount of Jackie's pension benefits that have accrued during the marriage as a "division of marital property," to commence on Jackie's retirement. The court further approved the magistrate's recommended spousal support award to Donna of $325 per week. In making that award, the magistrate exhaustively considered the income and expenses of both parties as derived from the evidence before it gleaned from a lengthy hearing. Jackie filed objections to that report arguing the magistrate had failed to consider rental cash flow to Donna of $400 per month, and that Donna's budget was "excessive" and not "realistic." Docket 29. The court in its subsequent decree overruled those objections and, as to the pension division, a QDRO was filed on January 29, 1996, signed by both parties and their counsel, giving Donna "her marital pro rata share of the retirement account" as "an award of marital property." Docket 33.
On October 2, 1996, Jackie filed a motion requesting an order from the court to reduce spousal support, and gave as his sole reason for this request: "The plaintiff, Donna Cantrell is now receiving the $311 General Motors pension from the defendant's retirement as well as the awarded spousal support of $325 per week ($1,407 per month)." Docket 39.
At the hearing held on November 14, 1996, to consider this motion, Jackie presented arguments not only relating to the pension benefits Donna was receiving, but also raised and questioned again her rental income and her living expenses, neither of which issues were properly before the court.
Subsequently on January 13, 1997, the magistrate filed a report with findings, in material part, as follows:
FINDINGS OF FACT:
 1. Jackie R. Cantrell was ordered in this case in the final order of divorce to pay Donna Cantrell the sum of $325 per week, plus the costs of the COBRA coverage, finding number 39 of the Magistrate. This order was March 16, 1995.
 2. Jackie R. Cantrell testified that he is older now, he would like to stop working overtime and that he has certain aliments [sic] and physical limitations.
 3. These limitations and ailments are the same as he had at the time of the divorce trial.
 4. Jackie R. Cantrell has had a change in income since the divorce, in the year of the divorce he had income of approximately $55,000. His income in 1996 was probably going to be over $65,000. As of October, 1996, he had earned $57,532.
 5. This change was anticipated by the Magistrate when he set the spousal support. Recommended orders 6 through 9.
 6. Based on the findings of the Magistrate at the trial in this matter the only significant changes the parties have had since the final decree of divorce is the changes in income.
 7. These changes are not significant, nor were they unanticipated by the previous Magistrate. (Docket 47).
The magistrate recommended that the court overrule the motion for modification of spousal support, which the court subsequently did on May 1, 1997, after overruling Jackie's objections to the magistrate's report and recommendations. In his objections, he argued that the magistrate failed to consider all Donna's income, including both pension and rental income, and failed to consider changes in her expenses.
On appeal, Jackie presents as a sole assignment of error that: "The court abused its discretion in failing to consider all of the factors under O.R.C. 3105.18 in failing to reduce the plaintiff's spousal support."
Under this assignment of error, Jackie presents the same two arguments about Donna's rental income and a rehash of her expenses that he had presented to the magistrate and which had been considered by the trial court both in the original divorce action, from which he never appealed, and in the subsequent hearing of his motion to reduce the spousal support. We find neither of these issues properly before us because of res judicata. Furthermore, even if they were properly before us, we find absolutely no abuse of discretion on the part of the trial court in its decision adopting the magistrate's report, which after a careful reading of the entire record including the transcript of the hearing on the motion to modify support, was fully justified by the facts presented to the magistrate. Jackie's own testimony at the hearing revealed that he would probably be making approximately $65,000 again in 1996 as he had in 1995, and that he was living with and supporting his girlfriend, who was not employed. On the contrary, Donna is unable to obtain employment due to her severe medical problems, and her net income is drastically lower than Jackie's. The only increase in her income is the current receipt of her share of the pension benefits, $311 per month.
The only issue properly before the trial court and, therefore, before us on Jackie's appeal, is the question of whether his spousal support obligation should be reduced due to Donna's receipt of a portion of his pension income. As the magistrate noted, however, this pension income was completely anticipated by the parties at the time and was made a property division in the original divorce. As this court has noted before, pension benefits are the result of previously divided marital property, and thus are viewed differently than currently earned income in determining whether there has been a change of circumstances. Heath v. Heath (Mar. 16, 1993), Greene App. No. 92 CA 48, unreported. In Heath, this court found a change of circumstances because the obligor's current annual earnings had been substantially reduced by his retirement in excess of $14,000, in contrast to the case before us where the obligor's income has not been reduced, even perhaps risen somewhat, and the obligee's substantial living expenses have not shown any reduction.
In light of all the facts, the court's approval of the magistrate's determination that Donna's increase in income from the pension benefits was insubstantial in the totality of the circumstances and did not justify reduction in Jackie's support obligations was certainly not an abuse of discretion. As this court has noted many times, a trial court "enjoys wide latitude in awarding spousal support and its decisions are reversible only for an abuse of discretion." Layne v. Layne (1992), 83 Ohio App.3d 559,562.
The assignment of error is overruled, and the judgment will be affirmed.
WOLFF, J. and FAIN, J., concur.
Copies mailed to:
Stacey R. Pavlatos
Richard T. Brown
Hon. Douglas W. Geyer
[1] To avoid confusion, the parties hereinafter will be referred to by their first names.